IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW M. OBREGON,

                Plaintiff,

v.

SGT. RICHARD STELZER,[1]

                Defendant.

OPINION and ORDER

24-cv-758-jdp

---

Plaintiff Andrew M. Obregon is proceeding on an Eighth Amendment claim for damages against defendant Sgt. Richard Seltzer based on allegations of sexual assault at Stanley Correctional Institution. Dkt. 9. Obregon has filed a motion for the appointment of counsel, Dkt. 17, and a motion to remove defense counsel from this case, Dkt. 19. I will deny both motions.

**A. Motion for the appointment of counsel, Dkt. 17.**

Obregon asks the court for counsel, citing his indigent status, that general legal tasks including taking depositions, conducting witness examination, and applying the rules of evidence are difficult for self-represented litigants, that his "state of mind" claim is too complex, and that he is currently receiving mental health treatment.

Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

---

[1] Defendant's acceptance of service lists the defendant as Richard Stelzer. Dkt. 11. The clerk's office is directed to update the caption to reflect this identification.

To succeed on a motion to recruit counsel, Obregon must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Obregon has met this standard because he is proceeding in forma pauperis. Dkt. 5.

Second, Obregon must show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Obregon has not submitted any evidence, such as letters from lawyers or law firms, showing that he has corresponded with multiple lawyers who have refused to take his case, and the court may deny his motion on this deficiency alone.

Third, Obregon must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Mote*, 503 F.3d at 654–55. The court receives hundreds of new lawsuits every year from unrepresented plaintiffs, but there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Obregon doesn't meet this requirement either because it is too early to tell whether this case is one of the relatively few in which it is necessary to recruit counsel. Federal civil litigation is generally challenging for most self-represented parties, and their limited knowledge of the law is a common predicament. In this case, Obregon is suing one defendant based on alleged

events in October and November 2023. Dkt. 9 at 1–2. Obregon is generally concerned about more trial-type legal tasks such as witness examination and navigating the Rules of Evidence, but he won't be required to perform those tasks unless the case proceeds to trial. At this point, the case is in the early stages of discovery, which only opened as of March 31, 2025. Obregon has received guidance from the court on how to use the discovery process to obtain information from defendant to support his claim. Dkt. 14. So far, Obregon's filings and his participation in the telephonic preliminary pretrial conference on March 31, 2025 suggest that he is able to engage in discovery, despite any mental health challenges he is addressing right now. Obregon's allegations are of a sensitive nature, but at this stage, the issues in this case aren't complex. His abilities are not below those of the hundreds of plaintiffs who bring cases in this court each year without the aid of counsel.

I will deny Obregon's motion without prejudice, which means that he can renew his motion if his circumstances change and he believes that he is unable to litigate the lawsuit himself. If he refiles his motion, he will need to include proof of his attempts to find an attorney on his own and explain what specific litigation tasks he is unable to accomplish.

**B. Motion to remove defense counsel, Dkt. 19**

Obregon also asks the court to remove defense counsel from this case based on a conflict of interest. He says two things in support of this motion. First, that the lead investigator for the Wisconsin Department of Corrections "investigated this," which I take to mean the facts underlying this case. Second, that defense counsel, an Assistant Attorney General with the Wisconsin Department of Justice, "is also working for the defendant," which I take to mean that defense counsel, like the lead investigator, is also working for the State of Wisconsin.

It is not entirely clear why Obregon believes this creates a conflict of interest or what the basis for disqualification may be. Reading the motion generously, Obregon may be saying that because an employee of a state agency, the Department of Corrections, investigated the facts of his case, an attorney working for another state agency, the Department of Justice, is conflicted from this lawsuit. But this isn't a conflict of interest that would require attorney disqualification. In fact, Wisconsin statutes empower the Department of Justice with providing representation to employees sued in their official capacity at the request of a state agency head. Wis. Stat. § 165.25(6) (outlining the duties of the Wisconsin Department of Justice as attorney for the state).

The Rules of Professional Conduct account for certain conflicts of interests. They prohibit attorneys from taking adverse positions to current and former clients, with some exceptions. *See* Wisconsin Supreme Court Rules 20:1.7, 20:1.9. They also prohibit attorneys from appearing in cases for which they may also serve as witnesses, again, with some exceptions. *Id.*, Rule 20:3.7. None of those scenarios is present here. There is nothing to suggest defense counsel ever represented Obregon or that defense counsel has personal knowledge of this case that would require him to provide witness testimony.

Obregon has failed to explain why defense counsel should be disqualified, so I will deny this motion as well.

ORDER

IT IS ORDERED that:

1. Plaintiff Andrew M. Obregon's motion for appointment of counsel, Dkt. 17, is DENIED without prejudice.

2. Plaintiff's motion to recuse counsel, Dkt. 19, is DENIED.

3. The clerk's office is directed to update the caption, as set forth above.

Entered June 25, 2025.

                      BY THE COURT:

                      /s/

                      _____
                      ANITA MARIE BOOR
                      Magistrate Judge