IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW M. OBREGON,

                      Plaintiff,

  v.                                              OPINION and ORDER

SGT. RICHARD STELZER,                    24-cv-758-jdp

                      Defendant.

---

Plaintiff Andrew M. Obregon alleges that, on November 25, 2023, defendant Richard Stelzer, a former correctional sergeant at Stanley Correctional Institution (SCI), grabbed Obregon's penis and rubbed his own penis against Obregon's buttocks. Obregon, who is proceeding without counsel, brings an Eighth Amendment claim for damages based on the alleged assault.

Stelzer moves for summary judgment. Dkt. 23. The evidence shows that Stelzer was off work on medical leave on November 25, and that, on that date, Obregon did not leave his housing unit or enter the area of the prison where Obregon says the assault occurred. Against this evidence, which is mostly undisputed, Obregon offers only his bare statement that Stelzer sexually assaulted him. Obregon has failed to show a genuine dispute about about whether the assault occurred, so I will grant Stelzer's motion and close the case.

UNDISPUTED FACTS

I begin with a word about Obregon's summary judgment opposition. On summary judgment, this court requires the moving party, here Stelzer, to set out a statement of proposed facts with citations to admissible supporting evidence. *See* the attachment to Dkt. 14. The party

opposing the motion, here Obregon, must support each factual dispute with a clear citation to admissible evidence. *See id.* at 3–4. The court will not search the record for evidence. *Id.* at 2–3. If a party's response to a proposed fact does not comply with the court's procedures, the court will take the opposing party's factual statement as true and undisputed. *Id.* at 8. All litigants, including those unrepresented by counsel, must comply with the court's orders and rules. *See Allen-Noll v. Madison Area Tech. Coll.*, 969 F.3d 343, 349 (7th Cir. 2020).

Obregon's response to Stelzer's proposed facts does not comply with the court's procedures because Obregon fails to provide any citations to admissible evidence to support his factual disputes. *See* Dkt. 32. Obregon's own proposed facts are deficient for the same reason. *See* Dkt. 33. I will disregard Obregon's proposed facts. I will also accept as undisputed Stelzer's proposed facts, unless Obregon directly disputes them in his verified complaint or declaration.

With that background, the following facts are undisputed except where noted. Obregon was employed as an inmate maintenance worker at SCI on November 25, 2023. In November 2023, Stelzer worked at SCI primarily as a housing unit sergeant.

When the maintenance department receives work requests, which are made by staff electronically or telephonically, the building and grounds supervisor assigns them to maintenance staff members. Maintenance staff member Thomas Semaitis reviews all work requests to confirm that they have been properly completed and to close them in the computer system. There are no work request entries for actuator service on or around November 25, 2023. Dkt. 27 ¶¶ 17–19; Dkt. 27-1; Dkt. 27-2.

On November 25, 2023, Stelzer was housed in Housing Unit 3C. Obregon alleges that, on that date, Stelzer lured Obregon to Housing Unit 4A by falsely telling Obregon that the

HVAC system's actuator was not working and sexually assaulted Obregon. *See* Dkt. 1 ¶¶ 6–10. No logbook entries indicate that Obregon left Unit 3C or entered Unit 4A on that date. *See* Dkt. 28-2 at 1, 3; Dkt. 28-3 at 2.

Stelzer says that he took leave under the Family Medical Leave Act (FMLA) to care for a family member on November 25, 2023. *See* Dkt. 29 ¶ 10; Dkt. 29-1. On that date, Sergeants Jarocki, Phillips, and Collins were, respectively, the first, second, and third shift unit sergeants assigned to Unit 4. *See* Dkt. 28-4; Dkt. 28-3 at 3.

ANALYSIS

Obregon is proceeding on the allegation that, on November 25, 2023, Stelzer lured him to Unit 4A by falsely telling Obregon that the HVAC system's actuator was not working and sexually assaulted Obregon. A prison official violates the Eighth Amendment if, against a prisoner's will, the official touches the prisoner's private parts with the intent to humiliate him or to gratify the official's sexual desires. *See Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012).

In his brief in opposition and supporting declaration, Obregon reasserts that the assault occurred on November 25, 2023 (i.e., the Saturday after Thanksgiving). Dkt. 31 at 1; Dkt. 35 ¶¶ 6, 8. Obregon does not say that he could have been mistaken about the date of the assault. The main issue, then, is whether the evidence would allow a reasonable juror to find that Stelzer sexually assaulted Obregon on that date. Obregon says that Stelzer was at work and lured him from Unit 3C to Unit 4A by falsely telling him that the actuator needed to be inspected, but no logbook entries indicate that Obregon left Unit 3C or entered Unit 4A on that date. *See* Dkt. 28-2; Dkt. 28-3. Nor are there any work request entries for actuator service on or around

November 25, 2023. *See* Dkt. 27 ¶¶ 17–19; Dkt. 27-1; Dkt. 27-2. And Stelzer's evidence is that, on November 25, 2023, he was on FMLA leave. *See* Dkt. 29 ¶ 10; Dkt. 29-1.

Obregon contends that SCI officials or Stelzer's counsel fabricated time records and shift reports to make it look like Stelzer was absent on November 25, 2023. Dkt. 31 at 1, 3. Obregon also contends that no work request entry was made when Stelzer asked him to inspect the actuator on that date. *Id.* at 4. But Obregon has not described any irregularity in time records or shift reports that would support a reasonable inference of fabrication, and both the shift reports and logbook entries support Stelzer's statement that other sergeants were assigned to Unit 4 on November 25. *See* Dkt. 28-4; Dkt. 28-3 at 3. Obregon has not explained how he would have personal knowledge of any fabrication or the lack of a work request entry on that date. Obregon's argument is purely speculative.

To sum up, Stelzer's evidence, which is supported by contemporaneous prison records and other documentation, shows that: (1) Stelzer was on FMLA leave on November 25, 2023; (2) Obregon did not leave his housing unit or enter the unit were the alleged assault occurred on that date; and (3) there was no work request entry for actuator service around that time. Against this mostly undisputed evidence, Obregon offers only his uncorroborated statement that Stelzer sexually assaulted him. The court concludes that Obregon's bare statement does not raise a genuine dispute of fact about whether the assault actually occurred. I will want Stelzer's motion.

ORDER

IT IS ORDERED that:

1. Defendant's motion for summary judgment, Dkt. 23, is GRANTED.

2. The clerk of court is directed to enter judgment and close the case.

Entered January 23, 2026.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge